## MULLIN *v.* MULLIN.

On good cause being shown, a writ of restitution may be awarded for alimony that has been granted in a suit for a divorce.

LIBEL FOR DIVORCE, upon which a decree in favor of the libellant was made at the May term, 1878, and an award of alimony, to the amount of $1,500. At the January term, 1879, the libellee filed his petition for a rehearing, and a reversal or modification of said decree. His petition was sent to a referee, who reported that the decree of divorce and alimony, made at the May term, 1878, be so modified that the libellant recover no alimony; and that the libellee have a writ of restitution against the libellant for the amount of alimony which she has collected, or which has been paid her, under the former decree.

The court ordered judgment upon the report. The libellant excepted, claiming that in the matter of a decree of alimony the court had no power to grant a writ of restitution.

*Atherton*, for the libellant.

*Stevens*, for the libellee.

FOSTER, J. Courts have power to set aside, vacate, modify, or amend their judgments, for good cause shown. *Aldrich* v. *Wright*, 57 N. H. 104; *Judge of Probate* v. *Webster*, 46 N. H. 518; *Rees* v. *Morgan*, 3 Durn. & E. 349. In this respect decrees in divorce suits stand upon the same footing as other judgments. *Bellows*, C. J., in *Adams* v. *Adams*, 51 N. H. 388, 396; G. L., *c.* 182, *s.* 15. It may be reasonably inferred from the referee's report, that the alimony, or a part of it, has been paid to the libellant. But however that fact may be, it does not affect the power of the court to award a writ of restitution. The ancient practice was to award restitution on the reversal of the judgment, only where it appeared by the return of the execution that the damages or costs erroneously awarded by the court below had been actually levied or paid over to the defendant in error. And if the fact did not appear upon the record, the party was put to his *scire facias* to ascertain the fact,—upon the return of which restitution was awarded. 2 Tidd Pr. (3 Am. ed.) 1,033; 2 Salk. 588; 3 Bouv. Inst. 555; *Pittsfield* v. *Barnstead*, 38 N. H. 115, 123; *Safford* v. *Stevens*, 2 Wend. 158, 164. The practice in New York is now regulated by the code, but the common-law procedure is recognized in *O'Gara* v. *Kearney*, 77 N. Y. 423. See 2 Fisher Dig. 450.

We are unable to conceive of any reason why a judgment in a divorce suit should bear an exceptional character.

*Exception overruled.*

BINGHAM, J., did not sit: the others concurred.