GEORGIANA P. ELA v. GEORGE W. ELA.

GEORGE W. ELA v. GEORGIANA P. ELA.

On the hearing of an application under Gen. Laws, c. 182, s. 15, for a revision of orders as to alimony, all evidence which is relevant and material to the question whether the orders should be modified, including evidence used on the original trial, and evidence not so used but which might have been then presented by the exercise of due diligence, is to be received.

1. MOTION, by the defendant, that the decrees for a divorce and alimony made in favor of the plaintiff at the April term, 1882, be

vacated, and a new trial granted on the ground of perjury committed by her on the trial of the libel.

2. PETITION, praying that the decree in the divorce suit as to alimony may be revised and vacated. The petition alleges that since the rendition of the decree of divorce and alimony the petitioner has obtained new evidence, not known to him or his counsel at the time of the decree, and that they were not in fault for not knowing it; that at the October term, 1882, an indictment was found against the petitionee, charging her with perjury upon the trial of the libel; that a *capias* for her arrest had been placed in the hands of an officer who had returned that he was unable to find her; that she absconded as soon as she learned that such an indictment had been found; and that the new evidence obtained since the decree shows that a divorce ought not to have been decreed, and that alimony ought not to have been granted to the petitionee.

This petition was heard at the same time with the motion for a new trial, and upon the same evidence. The petition was denied, and the petitioner excepted.

The defendant introduced evidence tending to show that the plaintiff left the state immediately upon the fact becoming known that an indictment had been found, and had since resided in New York city, and had concealed her residence from the defendant until December, 1883, when it was with difficulty discovered by him. The defendant then offered to show that the plaintiff's reputation for truth and veracity, in April, 1882, was bad, and also offered to show, by the same evidence which he introduced at the original trial of the libel, that the testimony of the plaintiff on that trial was false. The court excluded the evidence, and the defendant excepted. At the same term the divorce was decreed, the libellee moved for a new trial on the ground of new evidence relating solely to the character of the libellant for truthfulness. The motion was denied, on the ground that the evidence by reasonable diligence might have been produced at the trial.

*Jeremiah Smith*, with whom were *C. P. Sanborn* and *S. Dana*, for George W. Ela. As to so much of the motion as asks for a revision of the order in respect to alimony, we claim that the finding and decision at the October term, 1883, should be set aside, and a new hearing had. And we make the same claim as to the finding and order upon the petition, which asks solely for the revision and vacation of so much of the original decree as relates to alimony.

The rulings upon this branch of the case seem to have been made under an entire misconception as to the law which governs it. This is not an application for a new trial under *c.* 234, Gen. Laws, nor is it governed by the rules applicable to motions for new trials after verdict in common-law actions. It is an application under *s.* 15, *c.* 182, Gen. Laws, which, "in the most explicit terms," gives the court powers of the broadest description. "The court,

upon proper application and notice to the adverse party, may revise and modify any order made by them, make such new orders as may be necessary, and award costs as justice may require." This section is a substantial reënactment of the corresponding section of the Revised Statutes of 1842. The section has been twice reënacted since the decision rendered in 1852 in the case of *Sheafe* v. *Sheafe*, 24 N. H. 564, and once reënacted since the decision rendered in 1874 in the case of *Folsom* v. *Folsom*, 55 N. H. 78. Hence this statute must receive the same interpretation that was given in the above cases, to the former statute. Where the legislature reënact a statute, the previous construction of the statute, as settled by the courts of law, is adopted. *Tomson* v. *Ward*, 1 N. H. 9, 12; *Blanding* v. *Sargent*, 33 N. H. 239, 246; *Frink* v. *Pond*, 46 N. H. 125.

The third head-note in *Sheafe* v. *Sheafe*, *supra*, is as follows: "In considering a petition for alimony, after a divorce in favor of the husband, the court may reëxamine the evidence used upon the question of the divorce, and also evidence tending to refute the charges in the libel." In that case the husband had obtained a divorce from the wife on the ground of her adultery. The wife then brought a petition for alimony, and offered new evidence tending to refute the charge of adultery upon which the divorce had been decreed. The court received the new evidence, reconsidered the evidence given upon the trial of the husband's libel, and granted alimony.

*Sheafe* v. *Sheafe* is confirmed in *Folsom* v. *Folsom*, *supra*. In the latter case the husband and wife had filed cross libels, each charging the other with adultery. These libels were heard together. A divorce was granted upon the husband's libel. The wife's prayer for alimony was denied. At the next term the wife filed a petition, reiterating the charges in her former libel, alleging that she was improperly driven to trial by the court, and that the decree was obtained by the perjury of her husband and his principal witness. The petition prayed for divorce and alimony. The court emphatically, not to say contemptuously, denied so much of the petition as prayed for a rehearing on the question of divorce; but at the same time held that the petitioner should be heard at the trial term upon so much of the petition as prayed "for a revision of the order as to alimony under the statute." The significant fact about this case is, that all the grounds upon which the plaintiff asked a revision as to any part of the decree, as to alimony as well as to divorce, had been fully stated to the court in the petition. These grounds had just been elaborately discussed in the opinion, and the court had shown the evil of granting a retrial of the question of divorce upon such flimsy grounds. Yet the court sent the petition back to the trial term for a rehearing upon alimony. It is true, the court said they did not understand that any question in respect to alimony was then before the law term. But if the court

had thought that the petitioner could not possibly succeed as to alimony, even upon proof of all the allegations of her petition, they would undoubtedly have said so.

Under the statute and the above decisions, this case stands as though the decree for alimony had expressly reserved to the court the power to look into the merits of the case again. The statute, in its practical effect, is equivalent to the insertion of such a reservation in every decree.

Under the legislation and practice in this state, applications for divorce and for alimony are not proceedings at common law or in chancery. Each is a proceeding *sui generis*. For obvious reasons of public policy courts are slow to reopen decrees of divorce, even "in cases of the grossest and most cruel fraud." But these reasons do not apply to decrees for alimony, and those decrees are, under under our legislation, reopened more readily than almost any other judicial orders.

Such legislation on this subject is not peculiar to New Hampshire. Other states have treated this matter of rehearing in regard to alimony as an exception to the ordinary course of judicial proceedings. A judgment may be rendered as to alimony based upon a diametrically opposite finding of fact to that upon which a divorce has been decreed between the same parties. *Pence* v. *Pence*, 6 B. Mon. 496; *Cox* v. *Cox*, 19 Ohio St. 502; *Stilphen* v. *Stilphen*, 58 Me. 508;—see, also, as to the wide range permitted in hearings as to alimony, *Helden* v. *Helden*, 7 Wis. 296, and *Hopkins* v. *Hopkins*, 40 Wis. 462, 467.

The decision in *Fischli* v. *Fischli*, 1 Blackf. 360, does not conflict with the above authorities. There, an application for an increase of alimony was made to the Indiana court by a wife who had previously obtained a decree of divorce and alimony in Kentucky. The application was not only made to another court than that which granted the divorce, but to another court in another state. It does not appear that there was any statute authorizing the Indiana court to revise its own judgments as to alimony, much less to revise Kentucky judgments.

From the foregoing authorities, in this state and elsewhere, we think it apparent that this application is not to be decided by the common-law rules of practice or evidence. Under this very broad statute any evidence which has a reasonable tendency to convince sensible people is admissible.

Applying this test, it follows that the evidence impeaching the libellant's reputation for truth and veracity was improperly rejected. The question is not whether this evidence, standing alone, would furnish sufficient ground for revising the alimony decree, but whether we are entitled to add this evidence to our other testimony to make the scales tip in our favor. It is no objection to a single piece of evidence that it does not, alone and of itself, entitle the party offering it to a decree. Is this evidence entitled to weight

when taken in connection with the other evidence offered by the libellee? To determine this, it is necessary to inquire into the nature of the other evidence offered and admitted. The judge has decided that the evidence actually admitted was not sufficient to entitle us to a revision of the alimony decree. But he has not decided (and nobody would ever think of deciding) that the evidence admitted was of no weight or materiality whatever. He has simply decided that the evidence admitted did not make a sufficiently strong case. Our present complaint is, that we were not allowed to add other evidence to strengthen the case.

If this impeaching testimony had been admitted, we were prepared to accompany it with evidence relative to the ignorance of the libellee and his counsel in regard to the existence of this testimony. But evidence to prove diligence, or to rebut negligence, cannot be considered necessary since the decision in *Sheafe* v. *Sheafe*. The testimony which the wife in that case sought to introduce on the revision was all perfectly well known to her at the time of the first hearing. (See 24 N. H. 564, 565.) Yet the court permitted her to introduce this evidence which she had neglected to offer at the first hearing.

If the foregoing views are correct, it is unnecessary to inquire into the reasonableness or the limitations of the doctrine that new trials will not be granted in common-law actions on account of newly discovered testimony which merely impeaches the character of a witness. But we would remark, that this doctrine is not of universal application, even as to common-law actions. The supreme court of New York refused to apply it in *Jackson* v. *Kinney*, 14 Johns. 186. Further, this doctrine found its way into the books long before parties were allowed to testify in their own behalf. It may be held inapplicable to a case where the witness, sought to be impeached, is the adverse party herself, upon whose sole testimony the verdict was rendered. Moreover, in the present case, the character of the party was material, entirely apart from the question of the credit to be given her as a witness. In awarding alimony, the court consider who and what the wife is. Her character is in issue. The very large award here made must have been based upon the supposition that the libellant was a woman of spotless reputation in every respect.

*S. C. Eastman*, for Georgiana P. Ela. 1. The denial of the motion for a new trial is conclusive. No question of discretion was reserved. The presiding justice finds, as a fact, that justice does not require a new trial. All the evidence offered and rejected was before the court at the original trial of the case. The same witnesses to repel the charge of adultery testified at that time. The evidence as to truth and veracity was the same in substance as offered on the first motion for a new trial. There is no occasion to go over the same ground. *Claggett* v. *Simes*, 25 N. H. 402.

2. That a party or witness has committed perjury is no ground for a new trial; much less is an indictment without conviction. *Great Falls Manf. Co.* v. *Mathes*, 5 N. H. 574; *Demerit* v. *Lyford*, 27 N. H. 541; *Russell* v. *Dyer*, 39 N. H. 528.

3. There was no change of circumstances which would justify any modification of the decree for alimony. All the evidence now offered was before the court when the divorce was granted, except the indictment for perjury. Even that issue was in fact before the court, for, on the evidence, one or the other party must have sworn falsely. The prayer of the petitioner was properly denied.

CLARK, J. As to the motion for a new trial of the libel for divorce, the exceptions are not insisted on in the argument, and are overruled. The exception to the exclusion of the evidence relating to the plaintiff's reputation for truth and veracity, in April, 1882, was the only material exception upon that branch of the case, and, so far as appears, that evidence was known to the defendant, and could have been produced on the former trial; and it was properly excluded.

The petition for a modification of the decree as to alimony is of a different character. It is not a petition for a new trial, but an application under *s.* 15, *c.* 182, Gen. Laws, which authorizes the court, upon proper application and notice to the adverse party, to revise and modify any order made respecting alimony, and to make such new orders as may be necessary, and award costs as justice may require. Applications under this statute are not subject to the limitations governing petitions for new trials in common-law actions. They may be made at any time, and when such an application is properly made, it is the duty of the court to hear and consider it. *Folsom* v. *Folsom*, 55 N. H. 78, 81; *Sheafe* v. *Sheafe*, 36 N. H. 155; *Sheafe* v. *Laighton*, 36 N. H. 240, 243; *Sheafe* v. *Sheafe*, 29 N. H. 269. And upon such hearing the evidence used upon the question of the divorce may be reëxamined and considered. *Sheafe* v. *Sheafe*, 24 N. H. 564.

On a petition for a new trial the question is, whether a further hearing would be equitable; and this involves an examination of the grounds of the application, and the question of reasonable diligence on the part of the petitioner. On these questions the evidence used on the original hearing is immaterial. When the new trial is granted, the hearing proceeds as if no trial had been had, all competent evidence is received and considered, and it is no objection to evidence otherwise admissible that it was introduced on the former hearing. On an application for a revision of a decree for alimony, the right to a hearing is expressly granted by the statute, and the question is, not whether the petitioner shall be allowed a hearing, but whether, being heard, a case is made for relief;—not whether the evidence shall be received, but whether, being received and considered, it calls for a modification of the

decree. A revision of the decree involves a reëxamination of the evidence upon which it was made, and evidence used on the original trial, or which might have been presented by the exercise of due diligence, is not for that cause to be rejected. Whether justice requires a modification of the decree must be determined from all the facts in the case.

The court excluded the evidence introduced on the former trial, and denied the petition on the new evidence obtained since the decree was made. Although the new evidence alone was insufficient to require or justify any modification of the decree, it cannot be assumed that the decree would have been the same if all the evidence had been presented at the original hearing, nor that the petition for a modification would have been denied if all the evidence had been heard and considered by the court; and on this branch of the case the exceptions are sustained.

ALLEN and SMITH, JJ., did not sit: the others concurred.