Strafford,
June 4, 1907.

WALLACE *v.* WALLACE.

Under section 18, chapter 175, Public Statutes, the court has power to revise and modify a decree for alimony made in accordance with a written agreement of the parties to the divorce proceeding.

PETITION, for the revision of an order of the supreme court, made September 18, 1885, granting the plaintiff $6,000 alimony upon her libel for divorce for adultery against the defendant. The defendant's answer alleged that the judgment for alimony was based upon an agreement of the parties in writing under seal, made with the approval of and adopted by the presiding justice of the court. The agreement is as follows:

Supreme Court.

Strafford, ss.                    .                    September T. 1885.

In the Wallace Libel for Divorce.    Nellie F. Wallace *v.* George E. Wallace.

It is agreed by the parties that the amount of alimony in said case shall be six thousand dollars, and in consideration of the same I hereby relinquish all claim for alimony, present and prospective, and all claim I have or may hereafter assert to the property of said George E. Wallace.

Nellie F. Wallace. { L. S. }

Witness:
    James A. Edgerly.

Received six thousand dollars in full payment of the above.
                                        Nellie F. Wallace.
Witness:
    James A. Edgerly.

At the September term, 1906, of the superior court it was ruled by *Stone,* J., that the agreement and receipt set out in the defendant's answer did not constitute a bar to the present proceeding, and the defendant excepted.

*Branch & Branch* ( *Oliver W. Branch* orally), *William T. Gunnison,* and *James A. Edgerly,* for the plaintiff.

*Leslie P. Snow* (by brief and orally) and *Streeter & Hollis,* for the defendant.

PARSONS, C. J.   The defendant alleges, in answer to the plaintiff's petition for modification of a decree for alimony in her favor, that such decree was based upon an agreement in writing under seal between the parties to the divorce proceeding, *i. e.*, that the decree was an order for alimony in accordance with the agreement of the parties.   It is not contended that the law required the court to order alimony as the parties agreed, or that the agreement deprived the court of jurisdiction as to alimony.   It is conceded in the defendant's brief that the court had supervisory authority to ascertain whether the agreement was properly made, free from collusion or any unfairness.   1 Page Cont., *s.* 430; 2 Bish. Mar. & Div., *ss.* 702, 884; 2 Nels. Div. & Sep., *s.* 915; and other authorities cited.   The invalidity of such agreements results not merely from the legal incompetency of a married woman at common law to make any contract, but because "such agreements made in advance, if sanctioned by the court without examination, would have a tendency to produce collusion between the parties with a view to the dissolution of the marriage contract between them." *Daggett* v. *Daggett*, 5 Paige 509; *Moon* v. *Baum*, 58 Ind. 194; *Hamilton* v. *Hamilton*, 89 Ill. 3 49; *Adams* v. *Adams*, 25 Minn. 72; *Speck* v. *Dausman*, 7 Mo. App. 165.   As stated in the paragraph from Nelson cited by the defendant (*s.* 915): "The court is not bound by the agreement as to alimony; and if the amount is not considered sufficient, an additional allowance may be made, or the agreement may be ignored and an adequate allowance made for the wife."   But the defendant contends that the adoption of the terms of the agreement in the decree is a conclusive determination that the agreement was fair and properly made.   The agreement, so far as it was adopted by the decree, "was merged in the judgment, which, being regular on its face and  .  .  .  rendered by a court of competent jurisdiction, is supported by the conclusive presumption that every fact necessary to sustain it was properly brought before the court."   *Julier* v. *Julier*, 62 Ohio St. 90, 113,—78 Am. St. Rep. 697.   The decree therefore conclusively establishes, so long as it stands, that the agreement was adequate and free from collusion; for on no other grounds could a decree in accordance with the agreement have been ordered.   The decree is a judgment, which, as it is found to have been regularly entered and free from fraud, cannot be successfully attacked even in a direct proceeding, like the present, except upon some principle which renders judgments respecting alimony susceptible to reëxamination and revision for reasons insufficient to authorize such action as to judgments generally.

The foundation of alimony, as known in England, was the obli-

gation of the husband to support his wife. The decree of alimony was merely the enforcement of that obligation in behalf of a wife legally permitted to live separate from her husband. As the measure of the sum required was necessarily the need of the wife and the ability of the husband, the amount decreed as an annual payment was logically affected by a change in either element. The order as to the payment of alimony was therefore regarded, not as a final adjudication, but as a determination open to revision from time to time as circumstances might require. 1 Bish. Mar. & Div., ss. 1385–1389; 2 Nels. Div. & Sep., s. 933 a. " The term ' alimony,' as used in the constitution and statutes of this state, means that provision or allowance which is made to a wife upon a divorce from the bonds of matrimony." Sheafe v. Sheafe, 24 N. H. 564, 567; Parsons v. Parsons, 9 N. H. 309, 317, 318, 319. That the judgment allowing a gross sum upon the termination of the marriage relation—the decree for alimony as understood in the early cases here—would not, in the absence of statutory provision, logically be subject to examination and revision, as was the decree for annual allowance in England, may be clear. Bish. Mar. & Div., s. 600; 2 Nels. Div. & Sep., s. 933 a.

But in 1842, it was provided by the legislature, as to alimony or any allowance for the wife or children, that " the court, upon proper application and notice to the adverse party, may revise and modify any order made by such court, and may make such new orders as may be necessary." R. S., c. 148, s. 16. This statute has been liberally construed, and the construction given has received legislative approval by repeated reënactments without change. G. S., c. 163, s. 15; G. L., c. 182, s. 15; P. S., c. 175, s. 18. " Upon proper application and notice, the court may revise and modify any order made, and may make such new orders as may be necessary respecting alimony." Cross v. Cross, 63 N. H. 444, 446. " Applications under this statute . . . may be made at any time; and when an application is properly made, it is the duty of the court to hear and consider it. . . . On an application for a revision of a decree for alimony, the right to a hearing is expressly granted by the statute, and the question is, not whether the petitioner shall be allowed a hearing, but whether, being heard, a case is made for relief; not whether the evidence shall be received, but whether, being received and considered, it calls for a modification of the decree. A revision of the decree involves a reëxamination of the evidence upon which it was made; and evidence used on the original trial, or which might have been presented by the exercise of due diligence, is not for that cause to be rejected. Whether justice requires a modification of the decree

must be determined from all the facts in the case." *Ela* v. *Ela*, 63 N. H. 116, 121, 122.

In *Cross* v. *Cross*, there was no decree or application for alimony in the original proceeding. In *Ela* v. *Ela*, the libelant was charged with perjury upon the original trial. In *Mullin* v. *Mullin*, 60 N. H. 16, $1,500 had been awarded as alimony. Upon petition it was adjudged that the libelant was not entitled to any alimony, and a writ of restitution was awarded for the amount which had been paid. In *Spofford* v. *Smith*, 55 N. H. 228, it was held that a petition for an additional allowance of alimony might be maintained by the libelant after the death of the libelee. The petition may be maintained by the libelee after a divorce granted her husband. *Sheafe* v. *Sheafe*, 24 N. H. 564. A decree for annual payments may be changed to one for a gross sum. *Sheafe* v. *Sheafe*, 36 N. H. 155, 156. The petition is maintainable although no case is made for reopening the question of divorce. *Folsom* v. *Folsom*, 55 N. H. 78.

As under the statute any order respecting alimony may be reëxamined and revised, the court has no power to except from the operation of the statute an order decreeing alimony in accordance with the agreement of the parties. If the question were at all in doubt, the liberal construction heretofore given the statute would resolve it in favor of the maintenance of the petition. It is said that there is conflict in the authorities upon the question whether, under similar statutes, the fact that a decree for alimony was rendered in accordance with a previous agreement of the parties precludes its examination and revision. 1 Page Cont., s. 430. As the question is the meaning of the language in a particular statute with reference to the law and practice of the particular state, these decisions do not furnish material aid upon the legislative purpose here. The only case that has been found reaching a contrary conclusion, under circumstances sufficiently identical to be of value in the present case, is *Henderson* v. *Henderson*, 37 Or. 141,—82 Am. St. Rep. 741, 48 L. R. A. 766. The court in this case refuse to follow the opposite holding in *Blake* v. *Blake*, 75 Wis. 339, upon the ground, it is said, of the strong tendency of adjudication elsewhere; but no cases are cited directly in point. The opinion concedes that the incorporation of the agreement in the decree involves " the approval of the court of its validity in good morals and as conformable to public policy, . . . and of its fairness and equability of adjustment," but apparently loses sight of the fact that the decision of these questions considered to be involved in the decree constitute judicial action, the revision of which cannot logically be excluded from the operation of a statute which authorizes the revision of any such action as to alimony.

It may be conceded that a judgment or decree rendered by agreement cannot be set aside or modified without the consent of the parties except for fraud, when the agreement does not require judicial sanction to give it validity. *Beliveau* v. *Amoskeag Mfg. Co.*, 68 N. H. 225, 229. The principle does not apply, because a decree for alimony rests, not on the agreement, but on the decision of the judicial questions raised by the presentation of the agreement. Although the decree may be based on the agreement, it is so based only in the sense that a decree may be founded on the testimony of the libelant, or other evidence. There can be no decree for alimony by agreement without the intervention of the court. The agreement is evidence submitted for the consideration of the court. The judgment is evidence, not of the agreement, but of the conclusion of the court upon all the evidence. A judgment rendered by agreement cannot be set aside without the consent of the parties, except for causes which would authorize the abrogation of the agreement, because the court cannot alter agreements which the parties have made, or make new agreements for them. If such a judgment were set aside, the agreement remaining in full force, the only result would be the affirming of the original judgment. Even under the statute, the court has no power to revise or modify the agreement as to alimony which the parties have made. The only question opened is whether the decree should follow the agreement. The statute authorizes the modification, if justice requires, of the former decision on this point. The only question now here is whether the decree can be revised. Whether it should be is a question not yet reached.

The defendant claims that by the terms of the agreement the plaintiff is precluded from applying for additional alimony. Whether this is a correct interpretation of the agreement, or not, does not appear to be very material. If the allowance already made is adequate, no increase will be allowed, even if the plaintiff did not agree to be forever content with the sum named; while if justice requires an increase, the inadequacy of the sum agreed upon as a final adjustment will be a sufficient reason for a refusal to follow the agreement. As this portion of the agreement was not incorporated in the decree, it must be inferred that the presiding justice did not approve the provision, or considered the court had no power to make such an order. *Campbell* v. *Campbell*, 37 Wis. 206. But without reference to the grounds of the former decision, all questions as to alimony which were open then are open now for decision upon all the competent evidence that may be offered, including the prior agreement of the parties, whatever it may have been.

The defendant further contends that the sealed agreement was

made after the divorce was granted and the decree had become effective, and that it is to be treated as a discharge under seal of all right to apply for a different order as to alimony. Whether subsequent to the termination of the marriage relation formerly existing between the parties the plaintiff released to the defendant all her right under the statute, whether the agreement produced supports that contention, whether if such an agreement was understandingly made it is binding, are questions the discussion of which at the present time would be mere speculation; for no claim of discharge after judgment was presented in the superior court, and no facts relating to such a claim are found. The defendant alleged in his answer that the decree was based upon the agreement in writing under seal, made with the approval of and adopted by the presiding justice. The agreement must necessarily have preceded the decree based upon it. It is prospective in its terms, as the consideration is said to be the agreement that the alimony shall be six thousand dollars, is entitled as of the case and term, and is apparently designed as a document in the case.

It is found as a fact that the parties agreed as to the alimony before the hearing. There is no finding and nothing in the record from which it can be inferred as matter of law that the parties intended, when the paper was signed, to do anything except to express in writing the terms of the oral agreement made before the hearing. If there is error in the pleading, upon amendment the facts can be found, and the questions of law presented by such finding can then be considered. As the case stands, the parties pending the divorce made an agreement as to alimony. Upon that agreement and evidence satisfactory to the court, a decree as to alimony was made. Upon a new hearing, the question will be whether a different decree should now be made.

*Case discharged.*

BINGHAM, J., did not sit: the others concurred.