Strafford, }
April 6, 1909. }

## WALLACE *v.* WALLACE.

The superior court has no authority to order an allowance for counsel fees to a libelant, for the purpose of aiding her in the prosecution of a petition for the revision of an earlier decree as to alimony.

PETITION, for the revision of a decree as to alimony. After the decision in this case, reported 74 N. H. 256, upon further hearing the superior court (*Stone*, J.) found that justice and equity required a modification of the decree and ordered the payment of additional sums as alimony. The defendant excepted to the decree, to the failure of the court to make certain findings of fact, and to the refusal to find and rule that the agreement set forth in the report of the case in 74 N. H. released all the right of the plantiff to future alimony and was a bar to the maintenance of this proceeding.

At a hearing for settling the defendant's exceptions, held November 24, 1908, after the announcement of the decree the plaintiff moved for an allowance to counsel to be paid by the defendant pending an appeal to the supreme court. Upon this motion, "it was ordered that the defendant, George E. Wallace, pay counsel for the plaintiff the sum of $250 on or before the 10th day of December, 1908. If, however, the proposed case on appeal to the

supreme court does not go forward, this order is to be vacated."
The defendant's exception to this order was allowed.

*Oliver E. Branch* and *William T. Gunnison*, for the plaintiff.

*Laurence V. McGill*, for the defendant.

PARSONS, C. J.   Alimony in this state is an allowance to the
wife upon the termination of the marital relation by divorce.   The
authority of the court to make such allowance is purely statutory.
*Wallace* v. *Wallace*, 74 N. H. 256; *Sheafe* v. *Sheafe*, 24 N. H.
564; *Parsons* v. *Parsons*, 9 N. H. 309.   Under the construc-
tion that has been given the statute, with the exception of a small
amount granted the wife under some circumstances when she is
libelee, for the purpose of making her defence, no award is made
except upon a decree of divorce.   When the wife is libelant, her
expenses are properly considered in determining the amount of
alimony.   But the wife as libelee is not entitled to an allowance
for her support, nor as libelant to one for the purpose of prose-
cuting the suit pending the final determination of the cause.
*Rowell* v. *Rowell*, 63 N. H. 222; *Ray* v. *Adden*, 50 N. H. 82, 84;
*Reporter's Note*, 49 N. H. vii; *Morrison* v. *Holt*, 42 N. H. 478, 482;
*Morris* v. *Palmer*, 39 N. H. 123, 128.

Section 18, chapter 175, Public Statutes, authorizing the court
to revise and modify any order made and to make such new orders
as may be necessary, does not authorize the court in revising an
earlier order to make one which could not have been made in the
first place.   It does not authorize an allowance to enable the wife
to prosecute an application for alimony.   In the present case the
facts had been determined and the amount of additional alimony
decided.   In settling the amount, the expense incurred by the
libelant was a proper subject for consideration, in which would be
included the probable expenditure for conducting the suit to an
end in the usual course.   The defendant had the right to transfer
to this court, upon exceptions duly taken, any questions of law
arising in the course of the hearing upon the facts.   Laws 1901,
c. 78, s. 5; P. S., c. 204, ss. 11, 12.   It does not appear that any-
thing took place at the trial to sustain an inference that the
defendant did not intend to exercise this right.   It must therefore
be concluded that the sum awarded as additional alimony included
all that ought to be allowed for the expense of litigation.   The
court, instead of ordering judgment for the plaintiff and putting
the defendant to his bill of exceptions, as might properly have
been done if the exceptions had been considered frivolous, at the
request of the defendant transferred the exceptions with a stipula-

tion as to the time when the record should be made up, which appears to have been complied with. In this situation, no authority is found for the order then made requiring the defendant to pay the plaintiff's counsel $250 if he insisted upon his exceptions, and vacating the order if the exceptions were abandoned. An allowance for the prosecution of the suit could not have been made at the inception of the proceedings, before it was determined whether the former judgment should be disturbed. Neither can it be made after the precise limit of modification necessary has been decided. While the court had power to regulate the exercise of the defendant's statutory right of exception, it had no power to attach a price to its exercise. An order in effect imposing a penalty upon a party excepting in a proper manner to the ruling or orders of the trial court is beyond the power of that court. *Fowler* v. *Towle*, 49 N. H. 507. The exception to the order requiring the payment of $250 to the plaintiff's counsel on or before December 10, 1908, is sustained, and the order set aside.

The remaining exceptions do not present questions of law which were not considered and decided at the former transfer, and are overruled. Whether after the decree of divorce the plaintiff released or could release the defendant from liability for further alimony through a future modification of the decree was not determined at the former transfer, because that question was not presented by the pleadings and had not been tried in the superior court. It was suggested, however, that on the pleadings and facts as they then stood, the agreement as to the amount of alimony which should be decreed could not be construed a release of alimony after the decree was made. The pleadings have not been amended. There is no new evidence or findings. It does not appear to be necessary to add anything to what has already been said.

*Case discharged.*

All concurred.