The sum, which the court ordered the libelee to pay to the libelant, is really alimony. To this the parties agree. Therefore, the question presented by the exception is whether the court had the power to give the libelant additional alimony. "The court upon proper application and notice . . . may revise and modify any order made by it, may make such new orders as may be necessary," respecting alimony. P.S., c. 175, s. 18.
"Applications under this statute . . . may be made at any time, and when an application is properly made, it is the duty of the court to hear and consider it . . . . On an application for a revision of a decree for alimony, the right to a hearing is expressly granted by the statute, and the question is, not whether the petitioner shall be allowed a hearing, but whether, being heard, a case is made for relief; — not whether the evidence shall be received, but whether, being received and considered, it calls for a modification of the decree. . . . Whether justice requires a modification of the decree must be determined from all the facts in the case." Ela v. Ela, 63 N.H. 116, 121, 122.
It is contended by the libelee that the court cannot order him to pay the libelant additional alimony, because there was an agreement between them, upon which the decree was based, that he should pay her one thousand dollars as alimony, which should be in lieu of any and all obligations for her support. This agreement does not affect the power of the court under the statute to revise and modify any order made, or to make such new orders respecting alimony as justice may require. In Wallace v. Wallace,74 N.H. 256, there was an agreement for alimony similar to the one in this case, but it was held that the court had power to revise and modify the decree for alimony made in accordance with the written agreement.
In the opinion the court said: "As under the statute any order respecting alimony may be re-examined and revised, the court has no power to except from the operation of the statute an order *Page 141 
decreeing alimony in accordance with the agreement of the parties. If the question were at all in doubt, the liberal construction heretofore given the statute would resolve it in favor of the maintenance of the petition . . . . As the case stands, the parties pending the divorce made an agreement as to alimony. Upon that agreement and evidence satisfactory to the court, a decree as to alimony was made. Upon a new hearing, the question will be whether a different decree should now be made."
Upon a proper application the court has heard the parties and their evidence, and has decreed that the libelee shall pay the libelant additional alimony. The power of the court to make such a decree is beyond question.
Exception overruled.
All concurred.