MICHAEL NORBERG

v.

VIRGINIA R. NORBERG

June 2, 1992

*Gerald Taube* and *Eldredge, Chubrich & Harrigan P.A.*, of Portsmouth (*Mr. Taube* and *Patrick F. Harrigan* on the brief, and *Mr. Taube* orally), for the plaintiff.

*Shaines & McEachern P.A.*, of Portsmouth (*Susannah Colt* on the brief and orally), for the defendant.

BROCK, C.J.   The defendant, Virginia R. Norberg, appeals from a Superior Court (*Dickson*, J.) order approving a Master's (*Martha W. Copithorne*, Esq.) recommendation to deny her motion to modify the permanent stipulations she agreed to with the plaintiff, Michael Norberg. For the reasons that follow, we reverse and remand.

In 1986, after twenty-nine years of marriage, the plaintiff and defendant were divorced by decree of the Strafford County Superior Court. The final decree provided, in part, that the plaintiff would pay the defendant $1800 per month in alimony until she remarried or died. It also provided that she would receive forty percent of the plaintiff's pension plan.

In March 1989, the defendant filed a motion for clarification, enforcement and modification relative to the vesting and value of her share of the pension. After lengthy negotiations, the parties agreed to a permanent stipulation whereby the defendant would receive, *inter alia*, an increased percentage of the pension plan benefits as well as a lump sum payment of $21,600 in lieu of future alimony. In return, the defendant agreed that upon payment of the $21,600, "all further and future obligations of the Plaintiff to pay alimony shall forever cease, without recourse to the Defendant, to seek any further modifications hereof." The parties signed the stipulation, and on January 17, 1990, the court approved and incorporated it into its decree.

On January 4, 1991, the defendant lost her job at the Salem Chamber of Commerce, and, subsequently, her health insurance and unemployment benefits ran out. The defendant, still unemployed, sought to modify the alimony award. The plaintiff moved to dismiss. After a hearing on the motions, the trial court ruled that "the Defendant has waived without recourse the right to seek any further modifications." At the hearing, no evidence was elicited regarding the defendant's claim of changed financial circumstances.

The defendant does not dispute that she agreed to the permanent stipulation and that the plaintiff met his obligations under it. Rather, she claims that her waiver of the right to future alimony is not binding on the court, and, thus, the decree awarding a lump sum alimony payment is modifiable. The plaintiff, on the other hand, argues that the stipulation should be enforced, thereby denying the defendant any claim to future alimony payments.

■■ This court has consistently held that stipulations agreed to by the parties are not binding on the court in the determination of alimony awards, and that upon a showing of necessity due to changed circumstances, the original decree may be modified. *Eaton v. Eaton*, 90 N.H. 4, 9, 3 A.2d 832, 835 (1939); *LeBeau v. LeBeau*, 80 N.H. 139, 140, 114 A. 28, 29 (1921); *Wallace v. Wallace*, 74 N.H. 256, 259, 67 A. 580, 582 (1907). We do not deviate from these holdings today.

In *Wallace*, one of the first cases to examine the issue in this State, the parties had agreed, under seal, "that the amount of alimony in said case shall be six thousand dollars, and in consideration of the same [the plaintiff] hereby relinquish[es] all claim for alimony, present and prospective . . . ." 74 N.H. at 256, 67 A. at 580. The plaintiff petitioned for additional alimony. The defendant's answer alleged that the written agreement was binding and, therefore, the plaintiff had waived her right to any further alimony. This court rejected the argument and held that the sealed agreement was not binding on the court hearing a petition for modification, reasoning that "[a]s under the statute [now RSA 458:14] any order respecting alimony may be reexamined and revised, the court has no power to except from the operation of the statute an order decreeing alimony in accordance with the agreement of the parties." *Id.* at 259, 67 A. at 582.

Similarly, in *LeBeau*, the parties agreed that the defendant would pay the plaintiff $1000 in lieu of any and all support obligations. Following *Wallace* and relying on statutory authority, we affirmed the lower court's modification of the alimony.

The plaintiff seeks to distinguish *Wallace* and *LeBeau* on the grounds that the permanent stipulation in those cases, unlike here,

had not been incorporated into the final divorce decree. In support of his position, the plaintiff relies on case law involving property settlements and antenuptial agreements.

■ ■ Our case law unequivocally states that property settlements and alimony are entirely different matters, and that, although the former cannot be modified on account of changed circumstances, the latter can be so modified. *See generally McSherry v. McSherry*, 135 N.H. 451, 453, 606 A.2d 311, 313 (1992); *Dupuis v. Click*, 135 N.H. 333, 604 A.2d 576, (1992); *Stebbins v. Stebbins*, 121 N.H. 1060, 1062–63, 438 A.2d 295, 297–298 (1981). Similarly, cases involving antenuptial agreements are inapplicable to this case. Unlike alimony payments, which may be modified upon a change of circumstances, "antenuptial agreements are subject to ordinary principles of contract law." *MacFarlane v. Rich (MacFarlane)*, 132 N.H. 608, 613, 567 A.2d 585, 588 (1989). Therefore, the plaintiff's reliance on cases involving property settlements and antenuptial agreements to support his proposition that the divorce decree may not be modified is misplaced.

■ This court has consistently upheld the modification of alimony awards even when the stipulation has been incorporated into a decree. For example, in *Eaton* the parties stipulated that the defendant was to pay the plaintiff $20 per week for 240 weeks. The stipulation was incorporated into the decree. The wife remarried, and the defendant sought modification. In addressing the alimony issue, we stated that, assuming the stipulation included a provision for support, the decree adopting the stipulation "necessarily, by force of the statute, (P.L., c. 287, s. 12 [now RSA 458:14]), reserved authority to revise . . . ." *Eaton*, 90 N.H. at 6, 3 A.2d at 833. We reached the same conclusion even assuming that the wife had waived her claim for support by entering into the stipulation:

> "Furthermore, the libelant had a claim for support. If, as the effect of her position, she waived it, her waiver was an item reflected in the amount to be paid her. But some price for the waiver is in reality a price paid for what was waived. The result is that the decree included and directed some provision for support."

*Id.* And as previously noted, because the decree included some provision for support, it "necessarily, by force of the statute . . . reserved authority to revise . . . ." *Id.* As a result, we remanded the case to the lower court for a determination of whether modification of the award

was necessary in light of the changed circumstances. We find no principled reason to deviate from this case law; thus, whether or not the stipulation has been incorporated into the decree has no bearing on the court's authority to modify the award.

The plaintiff also seeks to distinguish *Wallace* and *LeBeau* by the fact that the parties in those cases did not expressly waive their right to seek modification of the agreement. Presumably the plaintiff is arguing that the defendant is precluded from seeking judicial intervention due to her express agreement to abstain from seeking modification of the agreement.

■■ Whether the parties expressly agreed to waive their rights to seek modification of the agreement is irrelevant. RSA 458:14 grants the court the authority to revise any order made by the court. This statute is to be liberally construed. *See Wallace*, 74 N.H. at 258, 67 A. at 581. To rule as the plaintiff suggests would allow the parties to circumvent the statute and defeat its evident purpose. We will not allow the parties to effectively divest the court of its statutory authority to modify a decree by merely agreeing that no modification of their agreement shall be sought. Thus, regardless of the language in the stipulation, the court retains the power to modify orders concerning alimony upon a proper showing of changed circumstances.

■■ Finally, the plaintiff argues that RSA 458:19 authorizes agreements relative to alimony and does not preclude the parties from reaching an agreement to waive alimony rights. "Where reasonably possible, statutes should be construed as consistent with each other." *Swiezynski v. Civiello*, 126 N.H. 142, 148, 489 A.2d 634, 639 (1985). RSA 458:14 has been consistently construed to authorize courts to modify alimony payments, regardless of any prior agreement between the parties. RSA 458:19 has been amended numerous times, most recently in 1991, yet it contains no express language prohibiting the court from modifying any alimony award due to a prior agreement between the parties. In light of our longstanding holding that the court retains the authority to modify any alimony decree, and the absence of specific statutory language to the contrary, we conclude that the legislature did not intend to allow the parties to circumvent the court's authority by agreeing not to seek a modification of alimony.

■■ "Upon proper application and notice, the court may revise and modify any order made, and may make such new orders as may be necessary respecting alimony." *Wallace*, 74 N.H. at 258, 67 A.

at 581 (quotation omitted); *see also* RSA 458:14. The application must contain evidence of changed circumstances that would warrant a modification of the existing order. In determining whether a modification of the decree is justified, the trial court must take into account *all* of the circumstances of the parties, including the terms of the stipulation. *See Henry v. Henry*, 129 N.H. 159, 161–62, 525 A.2d 267, 269 (1987); *Madsen v. Madsen*, 109 N.H. 457, 459, 255 A.2d 604, 605 (1969).

In this case, the trial court determined that the alimony payment could not be modified, and, therefore, a determination of whether the alleged changed circumstances of the defendant warranted a modification was not made. Consequently, we reverse and remand for further proceedings in accordance with this opinion.

*Reversed and remanded.*

All concurred.