# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2015-0217, <u>In the Matter of Patricia Goldberg and Mark Goldberg</u>, the court on March 3, 2016, issued the following order:**

Having considered the briefs and record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). We affirm.

The respondent, Mark Goldberg (husband), appeals a final order of the Circuit Court (<u>Tenney</u>, J.) in his divorce from the petitioner, Patricia Goldberg (wife). He contends that the trial court erred by: (1) awarding the wife permanent alimony; (2) finding that he was "choosing to earn less money"; and (3) ordering him to pay for health insurance for the wife until 2040. <u>See</u> RSA 458:19 (Supp. 2015).

At the outset, we grant the husband's motion to strike the wife's references to the trial court's order on the husband's motion to modify alimony or the wife's April 2015 motion for contempt.

RSA 458:19, I, authorizes the trial court to award alimony if: (1) the party in need lacks sufficient income, property, or both to provide for her reasonable needs, considering the style of living to which the parties have become accustomed during the marriage; (2) the payor is able to continue to meet his own reasonable needs, considering the style of living to which the parties have become accustomed during the marriage; and (3) the party in need cannot be self-supporting through appropriate employment at a standard of living that meets her reasonable needs.

In determining the amount of alimony, a trial court must consider certain factors, including: the length of the marriage; the age, health, social or economic status, occupation, amount and sources of income, the property awarded under RSA 458:16-a (2004), vocational skills, employability, estate, liabilities, and needs of each of the parties; and the opportunity of each for future acquisition of capital assets and income. RSA 458:19, IV(b). Further, the court may consider the economic contribution of each party to the value of their respective estates, as well as non-economic contributions to the family unit. <u>See</u> RSA 458:19, IV(d).

We review the trial court's decision to grant or deny a request for alimony under our unsustainable exercise of discretion standard. <u>In the Matter of Hampers & Hampers</u>, 154 N.H. 275, 283 (2006). This means that we review the record only to determine whether it contains an objective basis to sustain the trial court's discretionary judgment. <u>Id</u>. at 281.

The husband argues that the trial court erred in finding that the wife was in need of alimony because he contends that the "property distribution alone will provide for her reasonable needs at least until she is well into her eighties." However, this would result in the risk that the wife might outlive her capital. The record establishes that the parties were married for almost 36 years, and that the wife was 68 years old, did not work substantially during the marriage, has arthritis in her spine and hips, and has no income other than social security benefits in the amount of $337 per month. We conclude that the record contains an objective basis to support the trial court's determination that the wife is in need of alimony.

The husband argues that he cannot meet his reasonable needs while paying the ordered alimony amount because his current expenses exceed his income, he has no savings, and the trial court awarded the wife approximately 52 percent of his monthly after-tax income in alimony. Through much of the marriage, the husband was employed at an annual income exceeding $150,000. Approximately five years before the wife filed for divorce, the husband purchased a small company. The following year, he was laid-off from his full-time job, with a sizable severance package, and began consulting in the same industry, while working for his company.

The evidence shows that for the year before the wife filed for divorce, the husband earned $143,000, and that for the year after she filed for divorce, he earned approximately $60,000. The trial court found that the husband "still has excellent earning capacity" and, although it based its alimony award upon the husband's current income, that he has the "capacity to earn more . . . if he chooses to exercise available opportunities."

The husband contends that the trial court erred by finding that he had "a 'choice' to earn a higher income by returning to his previous career." He argues that his health precludes him from the long day trips required to pursue his previous career. However, he testified that he makes day trips and overnight trips for his own company. He further argues that no "evidence [was] produced to show the actual number of openings available in New England" in the industry in which he was previously employed, or that he has maintained a current knowledge base with respect to that industry. However, the wife testified that, although his prior employer was located in Georgia, he worked primarily from home, and the record shows that the husband has continued to engage actively in his prior field of employment as a consultant. Although the husband contends that he has a "duty of care" toward his company and business partner, he also testified that the company "can exist without me." To the extent that the husband also argues that his "actions do not indicate an intention to avoid alimony payments," this factor has no bearing upon whether he has the ability to pay alimony for the purposes of RSA 458:19. Cf. In re Deven O., 165 N.H. 685, 693 (2013) (considering, in the context of termination of parental rights due to failure to support, whether there was evidence father had tried to avoid paying child support).

The husband next argues that, with respect to the industry in which he was previously employed: (1) "[t]he connection between what one earns in commission and the demand for one's skills set is tenuous"; (2) industry shrinkage resulted in his lay-off in 2009; (3) were he to return to his prior career, because he was almost 61, he would have insufficient time to build a new client base; and (4) some of his previous clients have left the area. However, none of these points compel a finding that he is unable to earn more or to pay alimony while meeting his own reasonable needs. Cf. In the Matter of Muller & Muller, 164 N.H. 512, 521 (2013) (stating, for purposes of child support, whether party is voluntarily unemployed is question for the fact finder, whose decision will not be disturbed on appeal if supported by evidence in the record). We conclude that the record contains an objective basis to support the trial court's award of alimony to the wife.

We note that if and when the husband decides to retire, he can move for a modification of alimony. See RSA 458:14 (2004). Although the circumstances of this case, including the wife's age, her lack of work experience or skills, and the length of the marriage, support the trial court's decision to award the wife lifetime alimony, nothing in the order precludes the husband's retirement at an appropriate time. Although modification would require proof of an unforeseeable and unanticipated substantial change of circumstances, such change in circumstances may in fact develop in connection with the husband's retirement. Cf. In the Matter of Arvenitis & Arvenitis, 152 N.H. 653, 655-57 (2005) (rejecting argument that voluntary retirement is necessarily reasonably anticipated and foreseeable so as not to constitute a substantial change of circumstances justifying modification of alimony); Norberg v. Norberg, 135 N.H. 620, 625 (1992) (stating that, in determining whether modification of decree is justified, trial court must take into account all of the circumstances of the parties).

As to the trial court's order that the husband provide the wife with health insurance until 2040, the husband argues that "private supplemental insurance for [the wife] is a luxury that [he] simply cannot afford." However, the record establishes that the wife has on-going medical needs and requires numerous medications; the record also supports a conclusion that the husband has the ability to pay for such insurance. Thus, we conclude that the record contains an objective basis to support the trial court's inclusion of supplemental insurance as part of the alimony award.

Affirmed.

Dalianis, C.J., and Hicks, Conboy, Lynn, and Bassett, JJ., concurred.

**Eileen Fox,**
**Clerk**